PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4621

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

HANS ELVIN CABRERA-UMANZOR,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, Senior District
Judge. (8:11-cr-00027-PJM-1)

Argued: September 21, 2012          Decided: August 26, 2013

Before TRAXLER, Chief Judge, and NIEMEYER and MOTZ, Circuit
Judges.

Reversed and remanded by published opinion. Chief Judge Traxler
wrote the opinion, in which Judge Niemeyer and Judge Motz
joined.

**ARGUED:** Joanna Beth Silver, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Baltimore, Maryland, for Appellant. Erin Baxter
Pulice, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt,
Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public
Defender, Baltimore, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Baltimore, Maryland for
Appellee.

TRAXLER, Chief Judge:

Hans Cabrera-Umanzor pleaded guilty to unlawful re-entry of a removed alien after an aggravated felony conviction. See 8 U.S.C. § 1326(a)(1). Applying what is generally referred to as the "modified categorical approach," the district court determined that Cabrera's prior conviction under Maryland's child abuse statute was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court therefore increased Cabrera's base offense by 16 levels, see id., and sentenced Cabrera to 41 months' imprisonment. Cabrera appeals, challenging the application of the 16-level enhancement. Given our recent decision in United States v. Gomez, 690 F.3d 194 (4th Cir. 2012), and the Supreme Court's even more recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013), we agree with Cabrera that the modified categorical approach is inapplicable and that under the categorical approach, his prior conviction is not a crime of violence.

I.

Sentencing for § 1326 offenses is governed by U.S.S.G. § 2L1.2. The Guideline establishes a base offense level of 8, see id. § 2L1.2(a), and provides for various offense-level enhancements depending on the specific characteristics of the defendant's offense, see id. § 2L1.2(b). At issue in this case

2

is the 16-level enhancement that applies in cases where the defendant was deported after "a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Commentary to § 2L1.2 defines "crime of violence" as

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); see United States v. Peterson, 629 F.3d 432, 435 (4th Cir. 2011) (Guidelines commentary "is authoritative and binding, unless it violates the Constitution or a federal statute, or is inconsistent with, or plainly erroneous reading of the Guideline itself." (internal quotation marks omitted)).

When determining whether a prior conviction triggers a Guidelines sentencing enhancement, we approach the issue categorically, looking "only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). The categorical approach focuses on the elements of the prior offense rather than the conduct underlying the conviction; a prior conviction

3

constitutes a conviction for the enumerated offense if the elements of the prior offense "correspond[] in substance" to the elements of the enumerated offense. Id. at 599. "[W]here Congress has not indicated how a prior offense enumerated in a sentencing enhancement statute is to be interpreted, it should be understood to refer to 'the generic, contemporary meaning' of the crime." United States v. Rangel-Casteneda, 709 F.3d 373, 376 (4th Cir. 2013) (quoting Taylor, 495 U.S. at 598). The point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a crime of violence, but to determine whether the defendant was in fact convicted of a crime that qualifies as a crime of violence. See Descamps, 133 S. Ct. at 2288.

The inquiry is a bit different, however, in cases involving "divisible" statutes of conviction -- statutes that set out elements in the alternative and thus create multiple versions of the crime. See Descamps, 133 S. Ct. at 2284; Gomez, 690 F.3d at 199. If a defendant was convicted of violating a divisible statute, reference to the statute alone "does not disclose" whether the conviction was for a qualifying crime. Descamps, 133 S. Ct. at 2284. In such a case, the sentencing court may apply the modified categorical approach and consult certain approved "extra-statutory materials . . . to determine which

4

statutory phrase was the basis for the conviction." Id. at 2285 (internal quotation marks omitted).

As the Supreme Court emphasized, however, the modified categorical approach, "serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 133 S. Ct. at 2283. Where the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified categorical approach simply "has no role to play." Id. at 2285.

## II.

After admitting to having sexual intercourse with an 11-year-old girl when he was 19 years old, Cabrera pleaded guilty in 2001 in Maryland state court to a charge of causing abuse to a child. See Md. Code, art. 27, § 35C (2000). At a sentencing hearing conducted before the issuance of our opinion in Gomez or the Supreme Court's opinion in Descamps, the district court held that the modified categorical approach applied because some, but not all, of the conduct proscribed by § 35C would constitute a crime of violence. The court then concluded, without considering the elements of the state crime, that having sexual intercourse with an 11-year-old was a forcible sex offense and

5

thus a crime of violence under U.S.S.G. § 2L1.2. After application of the 16-level enhancement, Cabrera's total offense level was 21 and his advisory sentencing range was 41-51 months. The district court sentenced Cabrera to 41 months' imprisonment.

On appeal, Cabrera argues that § 35C is not divisible and that the district court therefore erred by applying the modified categorical approach. Cabrera further argues that a conviction for sexual abuse under § 35C is not a crime of violence under the categorical approach, because the elements of sexual abuse under § 35C do not include the elements of the relevant offenses enumerated in the Commentary. We agree.

A.

At the time of Cabrera's offense, § 35C provided that "[a] parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child or a household or family member who causes abuse to the child is guilty of a felony." Md. Code, art. 27, § 35C(b)(1). The statute defined "abuse" as "(i) [t]he sustaining of physical injury by a child as a result of cruel or inhumane treatment or as a result of a malicious act . . . ; or (ii) [s]exual abuse of a child, whether physical injuries are sustained or not." Id. § 35C(a)(2). As to "sexual abuse," the statute provided as follows:

6

(6)(i) "Sexual abuse" means any act that involves sexual molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member.

(ii) "Sexual abuse" includes, but is not limited to:

1. Incest, rape, or sexual offense in any degree;

2. Sodomy; and

3. Unnatural or perverted sexual practices.

Md. Code, art. 27, § 35C(a)(6).[1]

To convict a defendant of sexual abuse under § 35C thus requires proof of the following elements: "(1) that the defendant is a parent, family or household member, or had care, custody, or responsibility for the victim's supervision; (2) that the victim was a minor at the time; and (3) that the defendant sexually molested or exploited the victim by means of a specific act." Schmitt v. State, 63 A.3d 638, 643 (Md. Ct. Spec. App. 2013), cert. denied (Md. July 05, 2013) (Table, No. 103 Sept. Term 2013); see Tribbitt v. State, 943 A.2d 1260, 1265-66 (Md. 2008). The State is not obliged to prove that the defendant acted with the intent to gratify his sexual urges, see

_____

[1] § 35C was repealed in 2002, and the crimes of physical abuse of a minor and sexual abuse of a minor were recodified separately. See Md. Code, Crim. Law § 3-601 (physical abuse); id. § 3-602 (sexual abuse). Although there are minor differences in wording, there is no substantive difference between § 35C and its statutory successors. See Tribbitt v. State, 943 A.2d 1260, 1271 n.15 (Md. 2008).

7

Walker v. State, ___ A.3d ___, 2013 WL 3456566, at *18 (Md. July 8, 2013); Tate v. State, 957 A.2d 640, 648 (Md. Ct. Spec. App. 2008), or that he used force or coercion to accomplish the crime, see Brackins v. State, 578 A.2d 300, 302 (Md. Ct. Spec. App. 1990). The defendant need not touch the victim to be guilty of sexual abuse. Indeed, a conviction for sexual abuse under § 35C does not require an affirmative act of any kind; criminal liability can be premised on the defendant's failure to prevent sexual abuse. See Walker, 2013 WL 3456566, at *15 ("[C]hild sexual abuse includes not only an affirmative act but one's omission or failure to act to prevent molestation or exploitation when it is reasonably possible to act and when a duty to do so exists" (internal quotation marks and alteration omitted)).

B.

It is clear from its text that § 35C is generally divisible -- the statute prohibits the abuse of a child by a family member or a person with responsibility for the child's supervision, and it defines the "abuse" element in the alternative, as either physical abuse or sexual abuse. See Gomez, 690 F.3d at 201. And the alternative element of sexual abuse is itself alternatively defined as sexual molestation or sexual exploitation. See Walker, 2013 WL 3456566, at *14.

8

General divisibility, however, is not enough; a statute is divisible for purposes of applying the modified categorical approach only if at least one of the categories into which the statute may be divided constitutes, by its elements, a crime of violence. See Descamps, 133 S. Ct. at 2285 (explaining that the modified categorical approach provides a "mechanism" for comparing the prior conviction to the generic offense "when a statute lists multiple, alternative elements, and so effectively creates several different crimes . . . . [and] at least one, but not all of those crimes matches the generic version" (emphasis added)); Gomez, 690 F.3d at 199 ("[C]ourts may apply the modified categorical approach to a statute only if it contains divisible categories of proscribed conduct, at least one of which constitutes -- by its elements -- a [qualifying conviction]."). In this case, the categories of conduct created by § 35C's alternative elements simply do not line up with the elements of any of the potentially applicable crimes of violence enumerated in the Commentary to U.S.S.G. § 2L1.2 -- forcible sex offense, sexual abuse of a minor, or statutory rape. See U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Sexual abuse under § 35C does not amount to a generic "forcible sex offense" because a forcible sex offense requires the use or threatened use of force or compulsion, see United States v. Chacon, 533 F.3d 250, 257 (4th Cir. 2008), an element

9

not required under § 35C. See Walker, 2013 WL 3456566, at *15; Brackins, 578 A.2d at 302. Sexual abuse under § 35C likewise does not amount to generic "sexual abuse of a minor," which we have defined as "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." United States v. Diaz-Ibarra, 522 F.3d 343, 352 (4th Cir. 2008) (internal quotation marks omitted). As previously noted, intent to gratify sexual urges is not an element of sexual abuse under § 35C. See Tate, 957 A.2d at 648. Finally, sexual abuse under § 35C does not amount to generic statutory rape within the meaning of § 2L1.2. Statutory rape requires sexual intercourse, see Rangel-Casteneda, 709 F.3d at 376, but a defendant need not even touch the victim to be convicted of sexual abuse under § 35C. See Walker, 2013 WL 3456566, at *15.

Accordingly, while § 35C can be divided into categories of physical abuse and sexual abuse, the sexual abuse category does not, by its elements, constitute any of the potentially applicable crimes of violence enumerated in the Guidelines Commentary. The statute is therefore not divisible in the manner necessary to warrant application of the modified categorical approach.

C.

The government insists, however, that § 35C is divisible. As the government notes, § 35C defines sexual abuse to include

10

sexual offense in any degree. See Md. Code, art. 27, §
35C(a)(6)(ii)(1) ("Sexual abuse" includes, but is not limited to
. . . [i]ncest, rape, or sexual offense in any degree"). In the
government's view, the incorporation of these state-law sex
crimes creates additional categories of child sexual abuse --
for example, sexual abuse through the commission of rape or
sexual abuse through the commission of a sexual offense. And
because at least some of the incorporated offenses are
categorically crimes of violence for purposes of U.S.S.G. §
2L1.2, see Chacon, 533 F.3d at 258 (second-degree sexual offense
under Maryland law constitutes a conviction for forcible sex
offense), the government argues that the statute is divisible
into crimes-of-violence categories and that the modified
categorical approach was therefore properly applied. We
disagree.

As the Supreme Court emphasized in Descamps, the "central
feature" of both the categorical approach and its helper, the
modified categorical approach, is "a focus on the elements,
rather than the facts, of a crime." Descamps, 133 S. Ct. at
2285. The elements of the crime of sexual abuse of a child are
those previously listed--an act involving sexual molestation or
sexual exploitation of a minor, by a person with the requisite
familial or custodial relationship to the minor. See Schmitt,
63 A.3d at 643. The crimes listed in § 35C(6)(ii) are "merely

11

illustrative," Walker, 2013 WL 3456566, at *14, and they simply "provide[] examples of acts that come within [the statutory] definition," Tribbitt, 943 A.2d at 1266. The crimes, therefore, are not elements of the offense, but serve only as a non-exhaustive list of various means by which the elements of sexual molestation or sexual exploitation can be committed.[2] See Crispino v. State, 7 A.3d 1092, 1102-03 (Md. 2010). And as alternative means rather than elements, the listed crimes are simply irrelevant to our inquiry. See Descamps, 133 S. Ct. at 2285 n.2.

## III.

Because the elements of sexual abuse of a child under § 35C do not correspond to the elements of any of the relevant

---

[2] Vogel v. State, 543 A.2d 398 (Md. Ct. Spec. App. 1988), is not to the contrary. The defendant in Vogel was convicted of and sentenced separately for both third-degree sexual offense and child abuse under § 35C. Because the convictions were based on the same, single incident of sexual contact, the defendant argued on appeal that Double Jeopardy principles precluded the separate sentences. See id. at 399. Noting that abuse under § 35C was a "multi-purpose" crime, where "even fundamentally different things may nonetheless constitute the same crime," id. at 401, the court held that when Double Jeopardy issues are raised in cases involving such umbrella crimes, the elements of the crime are the particular alternative elements implicated by the facts of the case. See id. at 401-02. Vogel's consideration, for Double Jeopardy purposes, of the elements of a crime listed in § 35C(a)(6)(ii) does not transform the elements of those listed crimes into necessary elements of abuse under § 35C.

enumerated offenses, § 35C is not divisible along crime-of-violence lines. The statute therefore is not divisible in the manner necessary to permit application of the modified categorical approach. See Descamps, 133 S. Ct. at 2286 (explaining that application of modified categorical approach is proper "only when a statute defines [a crime] . . . not . . . overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not" (emphasis added)); Gomez, 690 F.3d at 201 (modified categorical approach inapplicable to a conviction for physical child abuse under § 35C because physical-abuse portion of statute is not divisible along crime-of-violence lines).

And because the modified categorical approach is inapplicable, the question becomes whether a conviction for sexual abuse under § 35C is, as a categorical matter, a crime of violence as defined by U.S.S.G § 2L1.2. As our previous analysis of the divisibility of § 35C makes clear, that question must be answered in the negative. Sexual abuse under § 35C, whether involving sexual molestation or sexual exploitation, does not require the use or threatened use of physical force, and the offense may be committed without committing any of the enumerated crimes of violence. Cabrera's conviction for abuse under § 35C therefore is not a crime of violence, see U.S.S.G. § 2L1.2 cmt. n.1(B)(iii), and the district court therefore erred

13

by applying the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

Accordingly, for the foregoing reasons, we hereby reverse Cabrera's sentence and remand for resentencing.

<u>REVERSED AND REMANDED</u>