**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4194**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONEL ROSAS-ROSAS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, Senior District
Judge. (8:12-cr-00425-PJM-1)

Submitted: October 25, 2013          Decided: December 2, 2013

Before DIAZ, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

James Wyda, Federal Public Defender, LaKeytria W. Felder,
Assistant Federal Public Defender, Greenbelt, Maryland, for
Appellant. Rod J. Rosenstein, United States Attorney, Leah Jo
Bressack, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonel Rosas-Rosas appeals the twenty-four-month sentence imposed by the district court following his guilty plea to illegally re-entering the United States after being deported, in violation of 8 U.S.C. § 1326(a). On appeal, Rosas-Rosas argues that the district court procedurally erred when it enhanced his sentence based on a prior conviction of Maryland second-degree assault, which the district court found to be a crime of violence. We vacate and remand for resentencing in light of our recent decision in United States v. Royal, 731 F.3d 333 (4th Cir. Oct. 1, 2013).

This court reviews a criminal sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error." Id. "An error in the calculation of the applicable Guidelines range, whether an error of fact or of law . . . makes a sentence procedurally unreasonable even under our deferential abuse-of-discretion standard." United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008) (internal quotation marks omitted).

We review de novo the issue of whether a prior conviction constitutes a crime of violence for purposes of a sentencing enhancement under the Guidelines. Id. Under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(A)(11),

2

the base offense level of a defendant convicted of violating 18 U.S.C. § 1326(a) should be increased by sixteen levels if he has a prior conviction "for a felony that is . . . a crime of violence." A "crime of violence," as used here, is defined to include "any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Rosas-Rosas has a prior conviction for Maryland second-degree assault. The relevant statute provides that "[a] person may not commit an assault." Md. Code Ann., Crim. Law § 3-203(a). Following this court's approach in United States v. Taylor, 659 F.3d 339 (4th Cir. 2011), the district court applied the modified-categorical approach to find that Rosas-Rosas's Maryland second-degree assault conviction was for a crime of violence. Accordingly, it applied the sixteen-level enhancement.

After the district court sentenced Rosas-Rosas, the Supreme Court decided Descamps v. United States, 133 S. Ct. 2276, 2283-86 (2013), which reiterated the elements-centric approach for determining whether a prior conviction constitutes a crime of violence for sentencing purposes. More recently, we held in Royal, 731 F.3d at 340-42, that Maryland second-degree

3

assault is categorically not a crime of violence for purposes of the Armed Career Criminal Act ("ACCA").

We have consistently held that the ACCA and the Guidelines are substantively identical with regard to their definitions of a violent offense. See, e.g., United States v. King, 673 F.3d 274, 279 n.3 (4th Cir), cert. denied, 133 S. Ct. 216 (2012). We have also applied the categorical approach developed under the ACCA to the Guidelines. See, e.g., United States v. Cabrera-Umanzor, 728 F.3d 347, 353-54 (4th Cir. 2013). Thus, we conclude that the district court committed procedural error when it applied the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Accordingly, we vacate the district court's judgment and remand for resentencing. We deny as moot Rosas-Rosas's motion to accelerate case processing and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED & REMANDED

4