**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5141**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL ALEXANDER BARILLAS, a/k/a Jose Fermin Vasquez,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:10-cr-00753-AW-1)

———————

Submitted: November 26, 2013      Decided: January 7, 2014

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant. Rod J. Rosenstein, United States Attorney, Paul Nitze, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Alexander Barillas appealed the sentence imposed following his guilty plea to unauthorized reentry of a deported alien after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b) (2012). Barillas argued that the district court erred when it enhanced his sentence based on a prior conviction for Maryland second degree assault, which the district court found to be a crime of violence, and by concluding that he did not qualify for a downward departure. In an opinion issued on August 14, 2012, we affirmed Barillas' sentence. Before the mandate issued, however, Barillas filed a petition for rehearing and rehearing en banc concerning only the sentence enhancement. While the rehearing petition was pending, this court issued United States v. Royal, 731 F.3d 333 (4th Cir. 2013). Because Royal constitutes an intervening change in law, we granted Barillas' petition for panel rehearing, but denied his petition for rehearing en banc. For the reasons that follow, we affirm Barillas' sentence.

In calculating Barillas' Guidelines range, the district court increased his offense level under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2010). This provision calls for a sixteen-level enhancement if the defendant was deported after he was convicted of a crime of violence. The district

2

court found that Barillas' prior Maryland second degree assault conviction qualified as a crime of violence.

After we issued our August 14, 2012 opinion, in which we concluded that the district court properly found that Barillas' Maryland second degree assault conviction qualified as a crime of violence, the Supreme Court decided Descamps v. United States, 133 S. Ct. 2276, 2283-86 (2013), reiterating the elements-driven approach to determining whether a prior conviction constitutes a violent felony for sentencing purposes. More recently, after applying Descamps' elements-driven approach, we held that Maryland second degree assault is an indivisible offense that categorically is not a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). Royal, 731 F.3d at 341-42. Because we have consistently held that the definition of a violent felony under the ACCA and the definition of a crime of violence under the Guidelines are nearly identical and materially indistinguishable, see United States v. King, 673 F.3d 274, 279 n.3 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012), and have applied the categorical approach developed under the ACCA to the Guidelines, see United States v. Cabrera-Umanzor, 728 F.3d 347, 353-54 (4th Cir. 2013), we conclude that the district court erred by holding that Barillas' Maryland second degree assault conviction qualified as a crime

3

of violence for purposes of applying the sixteen-level enhancement.

However, the district court found in the alternative that Barillas qualified for the sixteen-level enhancement under § 2L1.2(b)(1)(A) based on his 1994 California drug conviction. Barillas does not challenge the district court's alternate finding, so further review of that finding is waived. See United States v. Hudson, 673 F.3d 263, 268 (4th Cir.) (issues not raised in opening brief are waived), cert. denied, 133 S. Ct. 207 (2012). Based on the 1994 conviction, then, the district court did not err in enhancing Barillas' sentence pursuant to USSG § 2L1.2(b)(1)(A).

We therefore affirm Barillas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4