**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2005**

RICHARD JESUS AMOS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

**No. 14-1633**

RICHARD JESUS AMOS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Argued: March 24, 2015                     Decided: June 10, 2015

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Petitions for review granted and order of removal vacated by published opinion. Judge Keenan wrote the opinion, in which Judge Motz and Judge Thacker joined.

---

**ARGUED**: Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner. Rebecca Hoffberg Phillips, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF**: Joyce R. Branda, Acting Assistant Attorney General, Civil Division, John S. Hogan, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we review consolidated petitions filed by Richard Jesus Amos, a citizen of the Philippines, challenging decisions of the Board of Immigration Appeals (the BIA, or the Board), which dismissed Amos's appeal from an immigration judge's order of removal and denied Amos's motion for reconsideration. The BIA determined that Amos was removable based on his conviction in 1990 for "causing abuse to a child," in violation of Maryland law.

The BIA held that this offense qualified as an "aggravated felony" under the generic federal crime of "sexual abuse of a minor," as listed in 8 U.S.C. § 1101(a)(43)(A). We are not persuaded by the BIA's analysis and its conclusion, because the least culpable conduct under the former Maryland statute prohibiting sexual abuse of a child does not necessarily qualify as the generic federal offense of "sexual abuse of a minor," as interpreted by the BIA. We therefore grant Amos's petitions for review and vacate the order for his removal.

I.

Amos entered the United States in 1980 as a lawful permanent resident, when he was about nine years old. In 1990, he was convicted in a Maryland state court of the crime of "causing abuse to [a] child" (the child abuse conviction), in

3

violation of former Maryland Code, Article 27 § 35A (1988). That statute stated in relevant part:

(a) Definitions –

(1) In this section the following words have the meanings indicated.

(2) "Abuse" means:

(i) The sustaining of <u>physical injury by a child</u> as a result of cruel or inhumane treatment or as a result of a malicious act by any parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child under circumstances that indicate that the child's health or welfare is harmed or threatened thereby; <u>or</u>

(ii) <u>Sexual abuse of a child</u>, whether physical injuries are sustained or not.

(3) "Child" means any individual under [18 years].

(4)(i) "Sexual abuse" means any act that involves sexual molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child. (ii) "Sexual abuse" includes, but is not limited to: 1. Incest, rape, or sexual offense in any degree; 2. Sodomy; and 3. Unnatural or perverted sexual practices.

(b) Violation constitutes felony; penalty. – A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child who causes abuse to the child is guilty of a felony and on conviction is subject to imprisonment in the penitentiary not exceeding 15 years.

(the Maryland statute, or the former Maryland statute). Md. Code, Art. 27 § 35A (1988) (emphasis added). The Maryland court sentenced Amos to a term of 18 months' imprisonment, with the

4

entire sentence suspended, and to three years of supervised probation.

In April 2008, the Department of Homeland Security (DHS) issued a "notice to appear" and initiated removal proceedings against Amos based on 8 U.S.C. § 1227(a)(2)(A)(iii), which authorizes the Attorney General to remove "[a]ny alien who is convicted of an aggravated felony at any time after admission." DHS contended that Amos's child abuse conviction qualified as an aggravated felony, namely, the "sexual abuse of a minor," under 8 U.S.C. § 1101(a)(43)(A) (Subsection A), which lists "murder, rape, or sexual abuse of a minor" as qualifying aggravated felonies.[1]

Although Amos admitted the fact of his conviction, he disputed that it qualified as an aggravated felony of "sexual abuse of a minor." The immigration judge (IJ) rejected Amos's argument, and held that Amos was removable under Subsection A.

On appeal from the IJ's order of removal, the BIA reviewed the language in the former Maryland statute and concluded that while the part of the statute addressing sexual abuse of a child

---

[1] DHS also contended that Amos's conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) (Subsection F), because his conviction constituted a crime of violence. Although the IJ concluded that Amos's conviction rendered him removable under Subsection F, the BIA later overruled this decision and concluded that a violation of the Maryland statute was not a crime of violence under Subsection F.

"conformed" to the meaning of "sexual abuse of a minor" under Subsection A, the remainder of the statute prohibiting physical injury to a child did not. The BIA therefore approved the IJ's application of a modified categorical analysis, which permitted review of Amos's underlying record of conviction to determine which portion of the Maryland statute formed the basis of Amos's conviction.[2] Because the record of conviction "revealed that [Amos] put the 5 year old victim's penis in his mouth," the BIA concluded that Amos had been convicted under former Section 35A(a)(2)(ii) and that this offense qualified as "sexual abuse of a minor" within the meaning of Subsection A.

In reaching this conclusion, the BIA did not define the meaning of "sexual abuse of a minor," but instead cited an earlier BIA decision, Matter of Rodriguez-Rodriguez, 22 I. & N. Dec. 991 (B.I.A. 1999), stating that this prior decision "defin[ed] 'sexual abuse' as employed in 18 U.S.C. § 3509 to

---

[2] The modified categorical approach applies in limited circumstances involving "divisible" statutes that prohibit "multiple, alternative versions of the crime." Descamps v. United States, 133 S. Ct. 2276, 2284-85 (2013). A statute will be deemed "divisible for purposes of applying the modified categorical approach only if at least one of the categories into which the statute may be divided constitutes, by its elements," the generic federal offense. United States v. Cabrera-Umanzor, 728 F.3d 347, 352 (4th Cir 2013) (emphasis omitted). When applicable, the modified categorical approach permits review of certain materials in the underlying criminal record to determine which alternative crime formed the basis for the conviction. Id. at 350.

cover a broad range of acts of a sexual nature." Under 18 U.S.C. § 3509(a)(8), "sexual abuse" is defined as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution or other form of sexual exploitation of children, or incest with children." See Rodriguez-Rodriguez, 22 I. & N. Dec. at 996. The BIA determined that this "broad range of acts" necessarily encompassed the crime of sexual abuse of a child under the former Maryland statute and, accordingly, dismissed Amos's appeal from the IJ's removal order.

In a later decision denying Amos's motion for reconsideration, the BIA expanded its analysis and stated that under Maryland law, a conviction for "sexual abuse" under former Section 35A(a)(2)(ii) required proof of three elements: (1) that the defendant sexually molested or exploited the victim by means of a specific act; (2) that the victim was under the age of 18; and (3) that the defendant was a parent or someone responsible for the care, custody, or supervision of the victim. See Schmitt v. State, 63 A.3d 638, 643 (Md. Ct. Spec. App. 2013).

The BIA observed that to satisfy the first element under Maryland law, an affirmative act of molesting or exploiting a child is not required, because the statute also encompasses an "omission or failure to act to prevent molestation or

7

exploitation when it is reasonably possible to act." See Degren v. State, 722 A.2d 887, 899 (Md. 1999) (discussing different Maryland statute using same language as relevant portion of the former Maryland statute). Nevertheless, the BIA concluded that, under Degren, the least culpable conduct qualifying as "causing sexual abuse of a child" satisfied the generic federal offense of "sexual abuse of a minor." The only reasoning the BIA provided for this conclusion is that the generic federal offense, as construed in Rodriguez-Rodriguez, does not require physical contact with the victim and "includes a broad range of maltreatment of a sexual nature" as detailed in 18 U.S.C. § 3509(a)(8). Accordingly, the BIA denied Amos's motion for reconsideration.

Amos filed two petitions for review with this Court, from the initial BIA decision and from the BIA's denial of his motion for reconsideration. We consolidated Amos's two petitions, in accordance with 8 U.S.C. § 1252(b)(6). See Crespin-Valladares v. Holder, 632 F.3d 117, 122 (4th Cir. 2011) (citing Stone v. INS, 514 U.S. 386, 394 (1995)).

II.

A.

The central issue presented in this appeal is whether the BIA erred in concluding that Amos's conviction under the former

8

Maryland statute qualifies as the aggravated felony of "sexual abuse of a minor," within the meaning of Subsection A. We consider this question of law de novo.[3] Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015).

B.

Amos argues that the BIA erred in holding that his Maryland child abuse conviction qualifies him for removal under Subsection A for the aggravated felony of "sexual abuse of a minor." According to Amos, the BIA misapplied the decision in Rodriguez-Rodriguez, and incorrectly concluded that the least culpable conduct under the former Maryland statute fell within the generic federal offense listed in Subsection A. Thus, Amos contends that his Maryland conviction does not render him removable under Subsection A, because the conduct proscribed by the former Maryland statute is not encompassed within the generic federal offense of "sexual abuse of a minor."

In response, the government argues that the BIA correctly determined that the elements of sexual abuse under the former Maryland statute fell within the broad meaning of "sexual abuse

---

[3] We observe that judicial review generally is precluded in cases involving aliens who are removable as aggravated felons. 8 U.S.C. § 1252(a)(2)(C); Kporlor v. Holder, 597 F.3d 222, 225-26 (4th Cir. 2010). However, we retain jurisdiction to review constitutional claims or questions of law, including the question whether a particular underlying crime qualifies as an aggravated felony. 8 U.S.C. § 1252(a)(2)(D); Soliman v. Gonzales, 419 F.3d 276, 280 (4th Cir. 2005).

9

of a minor" in Subsection A. Unlike the BIA, the government does not maintain that the Board articulated a particular definition of "sexual abuse" in Rodriguez-Rodriguez. Rather, the government asserts that we owe significant deference to the BIA's reliance on an "interpretive touchstone," namely, the definition of "sexual abuse" provided in 18 U.S.C. § 3509(a)(8). Additionally, the government contends that the BIA's application of that "guide" in the present case permitted the BIA to conclude that Amos's conviction, which was based on charges of sexual abuse rather than of physical abuse, qualified as a removable offense under Subsection A. We disagree with the government's arguments.

C.

i.

Under the Immigration and Nationality Act (INA), a non-citizen is removable if he is "convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines "aggravated felony" in 8 U.S.C. § 1101(a)(43) (the aggravated felony statute) by enumerating an extensive list of crimes, including in Subsection A the crimes of "murder, rape, or sexual abuse of a minor."

In determining whether a conviction under a particular state law qualifies as an aggravated felony for removal purposes, we generally apply the categorical approach set forth

10

in Taylor v. United States, 495 U.S. 575 (1990). Castillo, 776 F.3d at 267-68; see also Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc)[4] (applying categorical approach to determine whether state crime qualified as sexual abuse of a minor under Subsection A). Under a categorical approach, we do not look "'to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 186 (2007)). "A state offense is a categorical match with a federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." Castillo, 776 F.3d at 267 (quoting Moncrieffe, 133 S. Ct. at 1684) (citation and brackets omitted).

When applying a categorical approach, we typically begin by considering the required elements of the generic federal crime. See Taylor, 495 U.S. at 590, 592 (explaining that a federal statute describing a generic crime "must" employ a "uniform,

---

[4] Overruled in part on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam), abrogated by Descamps v. United States, 133 S. Ct. 2276 (2013).

categorical definition[] to capture all offenses of a certain [type] . . . regardless of technical definitions and labels under state law).  This approach allows federal laws to be applied uniformly to determine the effect of prior state convictions.  See id. at 590-91; Estrada-Espinoza, 546 F.3d at 1157-58.

The generic federal crime at issue in the present case, "sexual abuse of a minor" under Subsection A, is not defined in the INA.  We therefore turn to consider the BIA's interpretation of the meaning of this generic federal offense.

ii.

We generally give substantial deference to the BIA's precedential decisions interpreting the INA, because "Congress conferred on the BIA decisionmaking power to decide such questions of law."  Martinez v. Holder, 740 F.3d 902, 909 (4th Cir. 2014) (citing INS v. Aguirre-Aguirre, 526 U.S. 415, 424 (1999), and Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984)).  Under the holding in Chevron, we are required to accept the BIA's construction of an otherwise silent or ambiguous statute, unless such construction is "arbitrary, capricious, or manifestly contrary to the statute."  467 U.S. at 843-44.  Also, we "may not substitute" our "own construction of a statutory provision for a reasonable interpretation" by the BIA.  Id. at 844.

12

In prior cases, we have applied the principles of Chevron to the BIA's precedential interpretation of generic federal crimes listed in the aggravated felony statute.[5]  See Castillo, 776 F.3d at 266-67 (considering BIA's interpretation of "theft offense" in the aggravated felony statute, and assuming that BIA's definition was reasonable under Chevron); Soliman, 419 F.3d at 281-83 (engaging in Chevron analysis but declining to apply deference because BIA's definition of "theft offense" conflicted with Congress's intent to exclude crimes involving obtaining property by fraud).  However, the principles of Chevron deference are not applicable to the Board's decision in Amos's case because, although issued by a three-judge panel of the BIA, it was an unpublished decision that does not carry precedential weight.

A potential complication nevertheless arises in our analysis here, because the BIA relied in Amos's case on Rodriguez-Rodriguez, a precedential BIA decision to which Chevron deference can apply.  See Hernandez v. Holder, 783 F.3d 189, 192 (4th Cir. 2015) (explaining that nonprecedential BIA

---

[5] Although we generally defer to the BIA's interpretation of the generic federal crimes listed in the INA, we do not defer to the BIA's application of those definitions to particular state statutes.  Whether the elements of a particular state offense are a categorical match with the elements of a generic federal offense requires an analysis of state criminal law, which does not lie within the BIA's authority or expertise.  Soliman v. Gonzales, 419 F.3d 276, 281 (4th Cir. 2005).

13

decision relied on precedential decision that was entitled to deference). Thus, we first must consider the decision in Rodriguez-Rodriguez to determine whether and to what extent it impacts our review of Amos's case.

The question before the BIA in Rodriguez-Rodriguez was whether a Texas statutory offense of "indecency with a child by exposure" constituted "sexual abuse of a minor" under Subsection A, even though the Texas crime did not require as an element that the perpetrator have physical contact with the child victim. 22 I. & N. Dec. at 991-92. Addressing the undefined, generic federal crime of "sexual abuse of a minor" found in Subsection A, the BIA observed that unlike other subsections of the aggravated felony statute, Congress did not cite in Subsection A any federal criminal statute defining "sexual abuse." Id. at 994-95. Thus, the BIA concluded that Congress did not intend that the generic federal crime of "sexual abuse of a minor" be limited to the federal statutes that criminalize "sexual abuse" and "sexual abuse of a minor." Id. at 995-96 (citing 18 U.S.C. §§ 2242, 2243). Those statutes limit "sexual abuse" to acts involving physical contact with specific body parts of the victim. Id.; see 18 U.S.C. § 2246(2). The BIA explained that because "states categorize and define sex crimes against children in many different ways," the definitions of the federal offenses in Sections 2242, 2243, and 2246 were "too

14

restrictive to encompass the numerous state crimes that can be viewed as sexual abuse and the diverse types of conduct that would fit within the term as it commonly is used." 22 I. & N. Dec. at 996.

The BIA also discussed in Rodriguez-Rodriguez a statute providing procedural protections for child victims and witnesses, 18 U.S.C. § 3509(a)(8). The BIA observed that this statute defines "sexual abuse" more broadly as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." Id. at 995 (quoting 18 U.S.C. § 3509(a)(8)).

Three of our sister circuits have concluded that the BIA, in its discussion of Section 3509(a)(8) in Rodriguez-Rodriguez, adopted that statute as its definition of "sexual abuse" for purposes of determining whether a state offense qualifies as "sexual abuse of a minor" under Subsection A. See Mugalli v. Ashcroft, 258 F.3d 52, 58-59 (2d Cir. 2001) (describing Rodriguez-Rodriguez as adopting a definition applicable nationwide); Restrepo v. Attorney Gen., 617 F.3d 787, 792, 795-96 (3d Cir. 2010) (deferring under Chevron to the BIA's "definition" in Rodriguez-Rodriguez by reference to § 3509(a)); see also Velasco-Giron v. Holder, 773 F.3d 774, 776 (7th Cir.

15

2014), cert. denied sub nom. Velasco-Giron v. Lynch, 2015 U.S. LEXIS 3016 (May 4, 2015) (explaining that the Seventh Circuit repeatedly has applied Chevron deference to the BIA's "reasonable approach" in Rodriguez-Rodriguez). Respectfully, we disagree with this conclusion reached by our sister circuits.

Although the BIA recognized that the broad definition in Section 3509(a)(8) is consistent with the common understanding of "sexual abuse," the BIA expressly stated that it was "not adopting [that] statute as a definitive standard or definition" for purposes of application in Subsection A. Rodriguez-Rodriguez, 22 I. & N. Dec. at 996 (emphasis added). Instead, the BIA "invoke[d] [the definition in Section 3509(a)(8)] as a guide in identifying the types of crimes [it] would consider to be sexual abuse of a minor." Id. at 996 (emphasis added).

We therefore conclude that the BIA did not adopt in Rodriguez-Rodriguez a particular definition of the generic federal crime of "sexual abuse of a minor" for application of Subsection A. We observe that the Ninth Circuit drew a similar distinction in declining to defer to Rodriguez-Rodriguez, by focusing on the BIA's adoption of an "advisory guideline" rather than a "uniform definition" of "sexual abuse of a minor." Estrada-Espinoza, 546 F.3d at 1157.

Using Section 3509(a)(8) as a "guide," the BIA held in Rodriguez-Rodriguez that the crime of "sexual abuse of a minor"

16

in Subsection A was broad enough to encompass the Texas statute of "indecency with a child by exposure," because the generic federal offense does not require as an element that the perpetrator have physical contact with the victim. 22 I. & N. Dec. at 996. Beyond this limited holding, however, the BIA did not provide direction regarding the elements of the generic federal crime of "sexual abuse of a minor." See Estrada-Espinoza, 546 F.3d at 1157-58 (explaining that Rodriguez-Rodriguez did not offer a particularized meaning of the generic offense necessary to perform a Taylor analysis).

The methodology employed in Rodriguez-Rodriguez stands in stark contrast with the BIA's approach in Castillo, in which the Board provided a fixed definition of the generic federal crime of "theft offense" in 8 U.S.C. § 1101(a)(43)(G),[6] another removable offense listed in the aggravated felony statute. See Castillo, 776 F.3d at 266-67 (describing the BIA's definition of "theft offense" articulated in In re V-Z-S-, 22 I. & N. Dec. 1338 (B.I.A. 2000) and refined in In re Garcia-Madruga, 24 I. & N. Dec. 436 (B.I.A. 2008)). Based on the BIA's interpretation of the generic crime of "theft offense" and the Board's adoption of a definition with distinct elements, reviewing courts are

---

[6] The aggravated felony statute lists as a removable offense in subsection (a)(43)(G): "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year."

17

able to apply that definition to determine whether a particular state offense is encompassed within the generic federal crime. See id. at 270 (holding that Virginia statutory crime of unauthorized use of a vehicle did not categorically match definition of "theft offense"); see also Omargharib v. Holder, 775 F.3d 192, 197 & n.9 (4th Cir. 2014) (concluding that Virginia statutory crime of larceny did not categorically match definition of "theft offense"); Almeida v. Holder, 588 F.3d 778, 789 (2d Cir. 2009) (holding that conviction for second-degree larceny in Connecticut fell within definition of "theft offense").

Because the BIA did not supply a definition of the crime of "sexual abuse of a minor" in Rodriguez-Rodriguez, the portion of that opinion subject to Chevron deference is limited to the conclusion: (1) that the generic federal offense does not require as an element that the perpetrator have physical contact with the victim; and (2) that the Texas statute of "indecency with a child by exposure" falls within Subsection A. See Rodriguez-Rodriguez, 22 I. & N. Dec. at 996; see also Aguirre-Aguirre, 526 U.S. at 424-25 (holding that BIA's interpretation of a term in the INA warrants Chevron deference when BIA "gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication") (citation and internal quotation marks omitted).

18

iii.

We therefore turn to consider the BIA's decision that Amos is subject to removal based on his violation of the former Maryland statute. Because the decision is not afforded precedential weight, we apply the principles of deference articulated in Skidmore v. Swift & Co., 323 U.S. 134 (1944). See Martinez, 740 F.3d at 909-10. Under the holding in Skidmore, we may defer to the agency's opinion, based on the agency's "body of experience and informed judgment." 323 U.S. at 140. However, the degree of deference that we accord depends on our consideration of the persuasiveness of the BIA's analysis as demonstrated by its thoroughness, validity of reasoning, and consistency with other decisions. Id.

As we have explained, in deciding whether an underlying state conviction falls within the meaning of a generic federal offense, we typically would compare the elements of the generic federal offense of "sexual abuse of a minor" with the statutory elements of the former Maryland crime of sexual abuse of a child. However, because the BIA has not defined the generic federal offense, either in Rodriguez-Rodriguez or in the present case, such an analysis is impossible to perform in the typical manner. See Estrada-Espinoza, 546 F.3d at 1158 (explaining that "[w]ithout defined elements, a comparison of the state statute with the federally-defined generic offense is not possible").

19

In concluding that Amos's Maryland conviction qualifies as an aggravated felony under Subsection A, the BIA opined that the "least culpable conduct" under the sexual abuse portion of the former Maryland statute, namely, the "failure to act to prevent sexual abuse" of a child when "one has a duty to do so," is encompassed within the generic federal crime of "sexual abuse of a minor."[7]   See Degren, 722 A.2d at 899.   To support its conclusion, the Board cited the holding of Rodriguez-Rodriguez that the generic federal offense does not require that the defendant make physical contact with the child victim.   The Board also relied on the discussion of Section 3509(a)(8) in Rodriguez-Rodriguez, and its characterization of the term "sexual abuse" as covering a "broad range" of sexual misconduct.

We are not persuaded by the BIA's analysis.   Although the BIA in Rodriguez-Rodriguez held that the offense of "sexual abuse of a minor" under the INA does not require physical

---

[7] Although the former Maryland crime of "child abuse" is quite broad and included facially divisible crimes involving both physical abuse or sexual abuse, only the sex abuse portion of that statute potentially qualifies as a removable offense under Subsection A.   Because we ultimately conclude that the former Maryland crime of sexual abuse of a child does not qualify as "sexual abuse of a minor" under Subsection A, we need not consult Amos's underlying conviction record to determine which portion of the facially divisible statute formed the basis of his conviction.   See Cabrera-Umanzor, 728 F.3d at 352 (for application of the modified categorical approach, which requires consultation of the underlying record, "one of the categories into which the statute may be divided" must constitute, "by its elements," the generic federal offense (emphasis omitted)).

20

contact with the victim, and such contact also is not required under the relevant portion of the Maryland statute, see Walker v. State, 69 A.3d 1066, 1085-86 (Md. 2013) (discussing current versions of the statute), that conclusion does not resolve the issue issue before us. We still are faced with the question whether the failure to act to prevent sexual abuse, the least culpable conduct under the relevant portion of the former Maryland statute, is encompassed within the offense of "sexual abuse of a minor" for purposes of subsection A.

The BIA's reference in this case to Section 3509(a)(8) likewise offers no assistance in resolving the question before us. The BIA merely noted that, in Rodriguez-Rodriguez, the Board stated that Section 3509(a)(8) defined the term "sexual abuse" as including "a broad range of maltreatment of a sexual nature." That assessment, however, does not clarify the scope of the generic federal crime, or explain why the conduct of failing to act to prevent sexual abuse is included within that undefined scope.

As set forth above, Section 3509(a)(8) describes "sexual abuse" as the "employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." (emphasis

21

added).  This "guide" cited by the BIA describes affirmative acts by a perpetrator acting as a principal in the commission of acts of sexual abuse, as well as affirmative acts by one who is "assisting" another in the commission of acts of sexual abuse. Even if the generic federal offense of "sexual abuse of a minor" encompasses all forms of "assisting" another in committing sexual abuse, the former Maryland statute applies to conduct beyond the affirmative act of providing such assistance.  In Degren, the Court of Appeals of Maryland emphasized that sexual abuse includes both "the affirmative acts of watching and failing to intervene" in sexual abuse and the "omission or failure to act when a child is being sexually abused."  722 A.2d at 899.  Thus, contrary to the BIA's analysis, the "guide" provided by Section 3509(a)(8) does not support a conclusion that the failure to act to prevent child abuse, the least culpable conduct under the former Maryland statute, necessarily is encompassed within the generic offense of "sexual abuse of a minor" in Subsection A.

Accordingly, we are not persuaded by the BIA's analysis or its conclusion that the term "sexual abuse of a minor" under Subsection A necessarily encompasses the failure to act to prevent sexual abuse, the least culpable conduct under the former Maryland statute.  We therefore hold that the BIA erred as a matter of law in concluding that Amos's conviction of child

22

abuse under the former Maryland statute qualifies as an aggravated felony under Subsection A. See Castillo, 776 F.3d at 267.

III.

For these reasons, we grant Amos's consolidated petitions for review, and we vacate the order for his removal.

PETITIONS FOR REVIEW GRANTED
AND ORDER OF REMOVAL VACATED

23