**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4064**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

TOMMY ADAMS, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.
R. Bryan Harwell, Chief District Judge.  (4:18-cr-00520-RBH-1)

Submitted:  November 26, 2019                    Decided:  December 19, 2019

Before NIEMEYER, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Christopher D. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Adams, Jr., appeals his 156-month sentence for possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 (2012). He contends that the district court erroneously sentenced him as a career offender under U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (2018), because his prior convictions for violations of S.C. Code Ann. §§ 44-53-370(a)(1) and 44-53-375(B) (2018) do not qualify as predicate controlled substance offenses, thereby rendering his sentence procedurally unreasonable. We affirm.

To be classified as a career offender under USSG § 4B1.1, a defendant must, among other factors, have sustained "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

When determining whether a prior conviction triggers a career offender enhancement, we employ the categorical approach, "'focus[ing] on the *elements* of the prior offense rather than the *conduct* underlying the conviction.'" *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (quoting *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013)). Where a state statute is divisible, however, the modified categorical approach applies. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple

2

crimes." *Id*. A statute is not divisible, by contrast, if it merely "enumerates various factual means of committing a single element." *Id*. Under the modified categorical approach, courts "look[] to a limited class of [*Shepard*[*]-approved] documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id*.

Section 44-53-370(a)(1) makes it unlawful for any person "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance." Section 44-53-375(B) provides that any person "who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base" is guilty of a felony.

Adams contends that these statutes punish the purchase—and therefore mere possession of—controlled substances and consequently do not qualify categorically as controlled substance offenses under USSG § 4B1.1. The district court applied the modified categorical approach and found that the state court documents established that Adams was convicted of possession with intent to distribute, a qualifying predicate offense.

We review de novo a district court's determination that a defendant's prior conviction qualifies as a career offender predicate. *United States v. Furlow*, 928 F.3d 311,

---

[*] *Shepard v. United States*, 544 U.S. 13 (2005).

317 (4th Cir. 2019). We have held that § 375(B) is divisible and subject to the modified categorical approach. *Id*. at 319–20. We also have held that § 370(a)(1) is divisible, *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1214 (2019), and we discussed that unpublished decision favorably in *Furlow*, *see* 928 F.3d at 320. As *Furlow* and *Marshall* recognized, under both statutes, South Carolina courts treat the purchase of a controlled substance as a distinct crime, prosecutors charge one of the listed statutory alternatives in state indictments, and juries are typically instructed to find one of the alternative elements beyond a reasonable doubt. *Furlow*, 928 F.3d at 320; *Marshall*, 747 F. App'x at 150.

We agree with the district court that the South Carolina statutes at issue here are divisible and subject to the modified categorical approach. We have reviewed the *Shepard* documents and conclude that the district court did not err in applying the career offender enhancement. We conclude that Adams' sentence is procedurally reasonable and therefore affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*