**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4532**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

DESHAWN DOZIER,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:15-cr-00078-1)

Argued: October 27, 2016                       Decided: January 30, 2017

Before SHEDD and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge Davis wrote the opinion, in which Judge Shedd and Judge Keenan joined.

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee. **ON BRIEF:** Christian M. Capece, Federal Public Defender, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Carol A. Casto, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

DAVIS, Senior Circuit Judge:

Deshawn Dozier pled guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and he was sentenced as a career offender to 151 months imprisonment. On appeal, Dozier contends (1) the district court erroneously applied the modified categorical approach when determining whether a prior state court attempt conviction qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2, and (2) because West Virginia's general attempt statute criminalized more conduct than a generic controlled substance offense, he should not be designated a career offender.

We conclude that the district court erred in applying the modified categorical approach to the West Virginia general attempt statute. Given the unique complexity of general attempt statutes, we hold that sentencing courts must compare the state and generic elements of such statutes as well as the elements of the underlying substantive statutory offense when determining whether a prior attempt conviction qualifies as a controlled substance offense. The district court failed to make these required comparisons. However, even when analyzed under the correct approach, Dozier's prior attempt conviction under West Virginia law properly constitutes a controlled substance offense under § 4B1.2 of the Sentencing Guidelines. We therefore affirm the judgment.

I.

In April 2015, Dozier was charged with knowingly and intentionally distributing a quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1). After Dozier entered his guilty plea, the probation officer prepared a Presentence Investigation Report ("PSR") to assist the district court at sentencing. The PSR identified the relevant conduct

2

attributable to Dozier, which produced a base offense level of 20. The PSR then recommended a two-level enhancement for possession of a firearm, a Chapter Four enhancement for qualifying as a career offender, and a three-level reduction for acceptance of responsibility. As a result of these calculations, the advisory guidelines range for Dozier's sentence became 151 to 188 months imprisonment.

Dozier was designated a career offender due to two prior state convictions, which were categorized as "controlled substance offenses" under § 4B1.2 of the Sentencing Guidelines. Only the second conviction, a conviction for attempt to distribute a controlled substance, is at issue in this appeal. Dozier objected to the categorization of this second conviction and his resulting career offender status. He posited that the West Virginia attempt statute under which he was convicted broadly covered any possible offense and, as a result, his prior attempt conviction did not categorically constitute a controlled substance offense. Without this second qualifying conviction, Dozier contended, he could not be classified as a career offender. The government disagreed. The government argued the statute was divisible and that under the modified categorical approach, it was "not in dispute" that Dozier's attempt conviction qualified as a controlled substance offense. J.A. 12.

At sentencing, the district court overruled Dozier's objection. The court observed that when determining whether to categorize the attempt offense as a felony or a misdemeanor, the statute directs it to first identify the punishment scheme of the underlying offense. Because it was also "impossible to determine the defendant's punishment without looking to the underlying offense," the district court found it

3

"necess[ary]" to apply the modified categorical approach. J.A. 31. The district court examined extra-statutory documents and, based on the facts underlying Dozier's 2008 conviction, "readily conclude[d] that the defendant qualifies as a career offender." J.A. 30. The district court then adopted the PSR's advisory guideline range and imposed a sentence of 151 months imprisonment, followed by a three-year term of supervised release.

Dozier timely appealed. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742.

## II.

Dozier's sole contention on appeal is that his prior attempt conviction does not constitute a "controlled substance offense" for purposes of the career offender sentencing enhancement. This assertion presents a legal issue we review de novo. *United States v. Jenkins*, 631 F.3d 680, 682 (4th Cir. 2011) (citing *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006)).

## A.

Pursuant to § 4B1.1 of the U.S. Sentencing Guidelines, a defendant is a career offender if, among other factors,[1] "the defendant has at least two prior felony convictions

---

[1] To qualify as a career offender, two other factors must be satisfied: (1) the defendant must have been at least eighteen years old at the time he committed the instant offense of conviction, and (2) the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). These factors are not at issue in the present appeal.

4

of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

The term "controlled substance offense" is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). A controlled substance offense also includes the offenses of "aiding and abetting, conspiring, and *attempting* to commit such offenses." *Id.* § 4B1.2 cmt. n.1 (emphasis added).[2]

When addressing whether a prior conviction triggers a Guideline sentencing enhancement, "we approach the issue categorically, looking 'only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). "The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a [predicate offense], but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a [predicate offense]." *Id.* (citation omitted). Accordingly, "[t]he categorical approach focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *Id.* For

---

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Dozier does not contend the commentary to § 4B1.2 violates the Constitution or federal law, nor does he assert the commentary is inconsistent with § 4B1.2.

a prior conviction to qualify as a Guideline predicate offense, "the elements of the prior offense [must] 'correspond[] in substance' to the elements of the enumerated offense." *Id.* (second alteration in original) (quoting *Taylor*, 495 U.S. at 599).

This approach is altered for "divisible" statutes, statutes that "list elements in the alternative[] and thereby define multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). In such circumstances, the sentencing court may apply the modified categorical approach and consult "a limited class of documents" – otherwise known as *Shepard* documents – "to determine what crime, with what elements, a defendant was convicted of." *Id.* (citations omitted). The Supreme Court has cautioned that the modified categorical approach "serves a limited function" and that *Shepard* documents may be consulted only where the statute, by "listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). "Where the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified categorical approach simply 'has no role to play.'" *Cabrera-Umanzor*, 728 F.3d at 350 (quoting *Descamps*, 133 S. Ct. at 2285).

### B.

A threshold issue in this appeal is whether West Virginia's general attempt statute is divisible and, as such, is subject to the modified categorical approach. The statute provides: "Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished[.]" W. Va. Code § 61-11-8. The statute then enumerates three different "classification"

6

categories depending on the scope and means of punishment for the underlying statutory offense. *Id.* § 61-11-8(1)-(3). If the attempted offense is punishable with life imprisonment, the defendant will be guilty of a felony and shall be imprisoned for three to fifteen years. *Id.* § 61-11-8(1). If the attempted offense is punishable by imprisonment for a term less than life, the defendant will be guilty of a felony and may be imprisoned for one to three years or jailed for six to twelve months. *Id.* § 61-11-8(2). If the attempted offense is punishable by confinement in jail, however, the defendant will be guilty of only a misdemeanor. *Id.* § 61-11-8(3).

Our inquiry does not end with this statutory language. To the extent the statutory definition of a prior offense has been interpreted by the state's highest court, this interpretation informs and constrains our analysis of the state law. *United States v. Aparicio-Soria*, 740 F.3d 152, 154 (4th Cir. 2014) (en banc) (citing *Johnson v. United States*, 559 U.S. 133, 138 (2010)). As the parties acknowledge, the highest court in West Virginia has repeatedly held that to constitute the crime of attempt under § 61-11-8, two elements must be met: (1) a specific intent to commit the underlying statutory crime, and (2) an overt act toward commission of that crime. *See, e.g., State v. Minigh*, 680 S.E.2d 127, 136 (W. Va. 2009) (citations omitted). Generally, as mentioned above, where a statute "contain[s] a single, indivisible set of elements covering far more conduct than the generic crime," the modified categorical approach "has no role to play." *Descamps*, 133 S. Ct. at 2285-86.

In arguing that § 61—11-8 is divisible, the government focuses on the statute's references to the underlying, attempted offense. The government primarily relies on the

7

statute's three "classification" categories, which require the *state sentencing court* to first identify the punishment scheme of the underlying offense. The government argues that as a result of these categories, § 61-11-8 is "by definition . . . comprise[d] [of] multiple, alternative versions of the crime" such that the modified categorical approach applies. Appellee's Br. 10 (quoting *Descamps*, 133 S. Ct. at 2284). We disagree that these categories compel the modified categorical approach.

In a recent opinion, this Court clarified that "[g]eneral divisibility . . . is not enough" to warrant the application of the modified categorical approach. *Cabrera-Umanzor*, 728 F.3d at 352. Rather, a statute is divisible "only if at least one of the categories into which the statute may be divided constitutes, *by its elements*, a [Guideline predicate offense]." *Id.* (citations omitted). Even if we assume the West Virginia attempt statute can be divided into three "classification" categories (based on the taxonomy of punishments it prescribes), no single category constitutes, by its elements, a controlled substance offense. No category references the manufacture, import, export, distribution, dispensing, or possession (with the requisite intent) of a controlled substance, nor does any category reference the attempt of these specific offenses. Thus, based on our clear precedent, the general divisibility of § 61-11-8's punishment scheme is insufficient to compel or justify application of the modified categorical approach.

However, we note a unique complexity of general attempt statutes: they do not set forth a standalone crime. As acknowledged by the highest court in West Virginia, "[t]he crime of attempt does not exist in the abstract but rather exists only in relation to other offenses[.]" *State v. Starkey*, 244 S.E.2d 219, 223 n.2 (W. Va. 1978) (citation omitted),

8

*overruled on other grounds by State v. Guthrie*, 461 S.E.2d 163 (W. Va. 1995). This is evident from the statutory language and elements of a § 61-11-8 crime of attempt, which require both an overt act and specific intent to commit the underlying statutory crime. W. Va. Code § 61-11-8; *Minigh*, 680 S.E.2d at 136. It would therefore be imprudent to analyze the statutory language of § 61-11-8 in complete isolation, as Dozier urges. Nonetheless, contrary to the government's assertion, this undefined reference to other offenses does not render the statute divisible for purposes of applying the modified categorical approach.

The Supreme Court has repeatedly emphasized the "essential rule" in cases concerning the categorical approach: "[a]ll that counts . . . are 'the elements of the statute of conviction.'" *Mathis*, 136 S. Ct. at 2251 & n.2 (quoting *Taylor*, 495 U.S. at 601). This "elements-only inquiry" applies equally to the modified categorical approach, which "serves solely[] as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Id.* at 2252, 2253-54 (citing *Descamps*, 133 S. Ct. at 2285). Where, as here, the defendant is convicted under a state's general attempt statute, one embracing all (or nearly all) possible substantive crimes, two sets of elements are at issue: the elements of attempt *and* the elements of the underlying, attempted offense. *See Rebilas v. Mukasey*, 527 F.3d 783, 787 (9th Cir. 2007).

As we have noted above, a "controlled substance" offense expressly includes the "attempt[] to commit such [an] offense[]." U.S.S.G. § 4B1.2 cmt. n.1. To adhere to the "elements-only inquiry" required by the Supreme Court, *Mathis*, 136 S.Ct. at 2252, we

9

must therefore engage in two related analyses when determining whether a general attempt conviction constitutes a controlled substance offense under § 4B1.2, *see United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012) (citing *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106-07 (9th Cir. 2009) and *Rebilas*, 527 F.3d at 787). First, we must determine whether the state's definition of "attempt" categorically comports with the generic definition of "attempt" as that term is used in the career-offender enhancement. *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1240 (9th Cir. 2014). Separately, we must also determine whether the underlying state offense is a categorical match for the Guideline predicate offense. *Id.* It is critical to engage in both analyses, given that either inquiry could determine that the statute of conviction "sweeps more broadly than the generic crime." *Descamps*, 133 S. Ct. at 2281. *See, e.g., Gonzalez-Monterroso*, 745 F.3d at 1244-45 (noting that "under Delaware law, a defendant could be held liable for an attempt due to 'mere preparation' or other preliminary acts" that would not constitute attempt as generically defined).

Applying the modified categorical approach without engaging in this two-part analysis would contravene the Supreme Court's repeated instruction to "consider only the elements of the offense." *Mathis*, 136 S. Ct. at 2252 (alteration marks and emphasis omitted) (quoting *Sykes v. United States*, 564 U.S. 1, 7 (2011)). The district court did not undertake this inquiry, and it erred in applying the modified categorical approach to identify the factual means by which Dozier committed his prior attempt crime. *See id.* at 2254. Although it is "understandably tempting to examine *Shepard*-approved documents earlier rather than later in the sentencing process," examination of these documents

10

should only occur when the relevant statute is properly deemed divisible. *United States v. Barcenas-Yanez*, 826 F.3d 752, 757-58 (4th Cir. 2016). Where, as here, a general attempt statute is at issue, the modified categorical approach applies only where the statute is divisible and at least one of the alternative definitions of "attempt" categorically matches the generic definition. *Gonzalez-Monterroso*, 745 F.3d at 1241. Similarly, the modified categorical approach applies to the underlying offense statute only where the statute is divisible and at least one of the alternative definitions of the offense categorically matches a generic controlled substance offense. As we recently expressed, "[i]t should be clear that the modified categorical approach may not be employed to determine whether the modified categorical approach may be employed." *Barcenas-Yanez*, 826 F.3d at 758.

In sum, to conclude that Dozier's conviction for attempt to distribute narcotics was properly deemed a controlled substance offense under § 4B1.1, we must determine not only that West Virginia's definition of attempt is a categorical match for the generic definition of attempt, but also that the underlying statutory offense is a categorical match for any of the generic offenses listed as a controlled substance offense. *Id.* We turn to these analyses below.

C.

Under the approach enumerated above, we must first determine whether West Virginia's attempt statute is a categorical match for the generic definition of "attempt." *Gonzalez-Monterroso*, 745 F.3d at 1243. Our precedent defines generic attempt as requiring (1) culpable intent to commit the crime charged and (2) a substantial step

11

towards the completion of the crime, which "is consistent with the definition of attempt found in the Model Penal Code." *United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996) (citations omitted). A substantial step is defined as a "direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose." *United States v. Engle*, 676 F.3d 405, 423 (4th Cir. 2012) (citing *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003)). A substantial step "is more than mere preparation but less . . . than completion of the crime." *Id.* (alteration in original) (quoting *Neal*, 78 F.3d at 906).

We then compare this generic definition of "attempt" to West Virginia's definition of "attempt." To constitute a crime of attempt under § 61-11-8, two elements must be met: "(1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime." *Minigh*, 680 S.E.2d at 136 (citations omitted). The degree of intent required under West Virginia's general attempt statute is no broader than that required under the generic definition. As for the "act" element, despite a difference in terminology between "overt" and "substantial" acts, these terms appear to share the same operational meaning. Both state and federal courts have acknowledged the difficulty in precisely defining the line between mere preparation and attempt. *See Pratt*, 351 F.3d at 136; *State v. Burd*, 419 S.E.2d 676, 680 (W. Va. 1991) (citing *Braham v. State*, 571 P.2d 631 (Alaska 1977)). Nonetheless, West Virginia's highest court has determined that an "overt" act requires a "direct" or "substantial" act beyond mere preparation that "demonstrates 'the seriousness of [the] [criminal] purpose, and mak[es] the planned crime closer to

12

fruition.'" *Burd*, 419 S.E.2d at 680 (first and third alterations in original) (quoting *State v. Molasky*, 765 S.W.2d 597, 602 (Mo. 1989)). Both "act" elements require a direct act toward the commission of the crime, beyond mere preparation, that strongly corroborates the defendant's criminal purpose. Thus, the definition of an overt act under West Virginia law "corresponds in substance" to the generic definition of a substantial act. *See Taylor*, 495 U.S. at 599.

Accordingly, under the *Taylor* categorical approach (the application of which is required because the general attempt statute is indivisible), Dozier's prior state conviction for attempt qualifies as a generic attempt offense.

D.

Having made the above determination, we then consider whether the underlying offense is a categorical match for a generic "controlled substance offense."

As noted above, a controlled substance offense is an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The underlying statutory offense at issue, West Virginia Code § 60A-4-401, provides "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." W. Va. Code § 60A-4-401(a). Accordingly, the act and related intent elements of § 60A-4-401(a) are no broader than those of the generic offense.

However, a controlled substance offense must also be a felony punishable by imprisonment for a term exceeding one year. U.S.S.G. §§ 4B1.1(a), 4B1.2(b). Section 60A-4-401(a) is divided into four categories depending on the type of controlled substance at issue. W. Va. Code § 60A-4-401(a). A defendant is guilty of a felony and is subject to a maximum sentence for a term exceeding one year if the controlled substance has a Schedule I, II, III, or IV classification. *Id.* § 60A-4-401(a)(i)-(iii). On the other hand, if the substance is classified in Schedule V, the defendant is guilty only of a misdemeanor and, upon conviction, may be confined to jail for no more than one year. *Id.* § 60A-4-401(a)(iv). Accordingly, three of the four categories into which the statute is divided, by their elements, qualify as a controlled substance offense. *See id.* § 60A-4-401(a)(i)-(iv). This statute is thereby divisible as a matter of federal law, and the modified categorical approach applies.

The relevant *Shepard* documents indicate that Dozier was charged and pled guilty to distributing cocaine, a Schedule II narcotic drug. J.A. 82; *see* 21 C.F.R. § 1308.12(b)(4). The relevant offense category would result in a felony conviction and a maximum sentence of imprisonment that exceeds one year. W. Va. Code § 60A-4-401(a)(i)-(ii). Thus, the underlying offense that Dozier attempted to commit is a categorical match of a generic controlled substance offense. We therefore conclude that Dozier's prior attempt conviction qualifies as a controlled substance offense, and Dozier was properly deemed a career offender under § 4B1.1 of the Sentencing Guidelines.

14

III.

Although the district court used an incorrect approach for categorizing Dozier's prior attempt conviction, it reached the correct conclusion regarding Dozier's career offender status. We are "entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." *United States v. Moore*, 709 F.3d 287, 293 (4th Cir. 2013) (quoting *United States v. McHan*, 386 F.3d 620, 623 (4th Cir. 2004)). Accordingly, for the alternative reasons enumerated above, the judgment of the district court is

*AFFIRMED.*