**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4715**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS MANCHION,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:15-cr-00216-1)

Submitted:  June 19, 2017                    Decided:  June 27, 2017

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Rachel E. Zimarowski, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Manchion appeals from his conviction and 96-month sentence imposed pursuant to his guilty plea to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Manchion's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no legally nonfrivolous grounds for appeal, but questioning whether the district court erroneously designated Manchion a career offender. Although advised of his right to do so, Manchion has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Manchion's sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id*. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Id*. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

The district court determined that Manchion qualified as a career offender based on two prior West Virginia convictions: a 2009 West Virginia conviction for possession

2

with intent to distribute cocaine and a 2014 West Virginia conviction for attempted distribution of cocaine. Counsel for Manchion argues that the district court erred in designating Manchion a career offender, asserting that Manchion's prior attempt conviction does not qualify as a "controlled substance offense" for purposes of the career offender Guidelines. This argument is foreclosed by this court's recent decision in *United States v. Dozier*, 848 F.3d 180, 187-88 (4th Cir. 2017) (holding that West Virginia attempt to distribute cocaine, W. Va. Code Ann. §§ 60A-4-401(a), 61-11-8 (LexisNexis 2014), qualifies as a controlled substance offense for purposes of the career offender Guidelines).

The district court correctly calculated Manchion's advisory Guidelines range, heard argument from counsel, provided Manchion an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Manchion's below-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Manchion's conviction and sentence. This court requires that counsel inform Manchion, in writing, of the right to petition the Supreme Court of the United States for further review. If Manchion requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manchion. We dispense with oral

argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*