**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4343**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RON CHRISTOPHER WHITLEY,

Defendant - Appellant.

**No. 17-4360**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RON CHRISTOPHER WHITLEY,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:10-cr-00236-D-1; 5:16-cr-00256-D-1)

Submitted: May 31, 2018                    Decided: June 12, 2018

Before TRAXLER, AGEE, and KEENAN, Circuit Judges.

No. 17-4343 affirmed; No. 17-4360 vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Ron Christopher Whitley appeals from the criminal judgment imposing a 235-month prison term following his guilty plea to three counts of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012) (No. 17-4360), and from the judgment revoking his supervised release and imposing a 24-month prison term. (No. 17-4343). In appeal No. 17-4360, Whitley argues that the district court reversibly erred in sentencing him as a career offender under the U.S. Sentencing Guidelines Manual (2016) because his prior convictions in the United States District Court for the Eastern District of North Carolina for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2012), do not constitute controlled substance offenses for career offender purposes. In appeal No. 17-4343, Whitley challenges his 24-month sentence, arguing that it is plainly unreasonable because it is greater than necessary to achieve the purposes of sentencing. After consideration of the record and the parties' briefs, we vacate the 235-month prison term and remand for resentencing. We affirm the judgment revoking Whitley's supervised release and imposing the 24-month prison term.

I.

Whether a predicate conviction qualifies as a controlled substance offense for purposes of applying the career offender enhancement under the Sentencing Guidelines is a question of law we review de novo. *United States v. Dozier*, 848 F.3d 180, 182-83 (4th Cir. 2017).

3

Pursuant to § 4B1.1 of the Guidelines, a defendant is a career offender if, among other factors,[*] "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The term "controlled substance offense" is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). "A controlled substance offense also includes the offenses of 'aiding and abetting, conspiring, and attempting to commit such offenses.'" *Dozier*, 848 F.3d at 183 (quoting USSG § 4B1.2 cmt. n.1 (internal emphasis omitted)).

"When addressing whether a prior conviction triggers a Guideline sentencing enhancement, we approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." *Id.* (internal quotation marks omitted). "The point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a predicate offense, but to determine whether the defendant was in fact convicted of a crime that qualifies as a predicate offense." *Id.* (internal quotation marks, emphases, and alterations omitted). "When evaluating a

---

[*] To qualify as a career offender, two other factors must be satisfied: (1) the defendant must have been at least 18 years old at the time he committed the instant offense of conviction, and (2) the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). These factors are not at issue.

defendant's prior conviction for an inchoate offense listed in the commentary to § 4B1.2[], two sets of elements are at issue: the elements of the inchoate crime and the elements of the underlying offense." *United States v. McCollum*, 885 F.3d 300, 304-05 (4th Cir. 2018) (internal quotation marks, alteration, emphasis, and ellipsis omitted). Both the inchoate crime and the underlying offense are subject to the categorical approach. *Id.* at 305. "An enhanced sentence may follow a conviction for an inchoate crime only if the defendant's conviction necessarily establishes that he was found guilty of a crime whose elements encompass both the generic inchoate crime and the generic underlying crime." *Id.* Applying this analysis to Whitley's prior conspiracy convictions, they do not qualify as controlled substance offenses. *See id.* at 307-09 (setting forth steps in the analysis).

There appears to be no dispute here that distributing and possessing with intent to distribute cocaine base qualifies as a controlled substance offense; accordingly, the analysis turns on the conspiracy component of Whitley's prior convictions. *See id.* at 307. Because the Guidelines do not define "conspiracy," the term "should be understood to refer to the generic, contemporary meaning of the crime." *Id.* (internal quotation marks omitted). An overt act is an element of the generic definition of conspiracy. *Id.* at 308. Comparing the elements of conspiracy under 21 U.S.C. § 846 to this generic definition, it is clear that they do not correspond to generic conspiracy. The elements of conspiracy under § 846 require the Government to prove only that: "(1) an agreement to [distribute and] possess cocaine [base] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly

5

and voluntarily became a part of th[e] conspiracy." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Unlike generic conspiracy, a conviction under § 846 does not require the Government to prove any overt act. *United States v. Shabani*, 513 U.S. 10, 11 (1994); *United States v. Min*, 704 F.3d 314, 321 (4th Cir. 2013). Instead, the "gravamen" of the crime is "an *agreement* to effectuate a criminal act." *Burgos*, 94 F.3d at 857 (internal quotation marks omitted). Finally, because § 846 does not require an overt act, "it criminalizes a broader range of conduct than that covered by generic conspiracy." *McCollum*, 885 F.3d at 309. Accordingly, Whitley's prior § 846 conspiracy convictions cannot support his enhanced sentencing as a career offender because they are not categorically controlled substance offenses. Further, after review of the record, it is clear that Whitley has no other prior convictions that qualify as a career offender predicates. The district court thus reversibly erred in sentencing Whitley as a career offender.

## II.

With respect to Whitley's revocation sentence, "[w]e will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (quoting *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (internal quotation

6

marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." *Id.* (internal quotation marks and alteration omitted).

A supervised release revocation sentence is procedurally reasonable if the district court has considered the Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, *see* 18 U.S.C. § 3583(e) (2012); *Crudup*, 461 F.3d at 439-40, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. *Thompson*, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if we find a revocation sentence unreasonable must we decide whether it is "plainly" so. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *Id.*

We reject Whitley's contention that his 24-month sentence is greater than necessary to achieve the purposes of sentencing in his case. It essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed relevant § 3553(a) factors differently had it imposed the revocation sentence, we defer to the district court's decision that a within-policy statement range sentence of 24 months' imprisonment achieved the purposes of sentencing in Whitley's case. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that appellate courts "must

7

give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed).  In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), and the deferential posture we take in reviewing the imposition of a revocation sentence, *Padgett*, 788 F.3d at 373, Whitley fails to establish that his 24-month prison term is substantively unreasonable.

                                          III.

Accordingly, in No. 17-4343, we affirm the judgment revoking Whitley's supervised release and imposing the 24-month prison term.  In No. 17-4360, we vacate the 235-month term and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.


                                          No. 17-4343*, AFFIRMED;*
                              No. 17-4360, *VACATED AND REMANDED*