**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4003**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICAH G. PRITCHETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:17-cr-00079-HEH-1)

Submitted: July 26, 2018                                Decided: August 1, 2018

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Stephen Wiley Miller, Richard D. Cooke, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Micah G. Pritchett appeals his sentence after pleading guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, he contends the district court erred in finding that his prior convictions for possession of cocaine with intent to distribute in violation of Va. Code Ann. § 18.2-248 were controlled substance offenses under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2); 4B1.2(b) (2016), and the district court failed to adequately address his sentencing arguments. We affirm.

We review a criminal sentence under a deferential abuse-of-discretion standard, looking first to whether the district court committed a significant procedural error such as improperly calculating the Sentencing Guidelines range or failing to adequately explain its sentence. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). We review the issue of whether a prior conviction constitutes a controlled substance offense for purposes of a sentencing enhancement de novo. *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017). When a claim of procedural error is preserved, we "'must reverse if we find error, unless we can conclude that the error was harmless.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (quoting *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010)).

After calculating the Guidelines range, a district court must "give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in light of all of the factors stated in 18 U.S.C. § 3553(a)." *United States v. Blue*, 877 F.3d 513, 517-18 (4th Cir. 2017) (internal quotation marks and citations omitted). The "court must then conduct an 'individualized assessment' of the facts and

2

arguments presented and impose an appropriate sentence." *Id.* at 518 (citation omitted). It must also "'adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.* (citation omitted).

"The adequacy of the sentencing court's explanation depends on the complexity of each case." *Id*. "On one end of the spectrum, some cases require only a brief explanation of the sentencing judge's conclusions, such as when a judge 'appl[ies] the Guidelines to a particular case' because the case is typical and 'the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356-57 (2007)). "On the other end of the spectrum, in cases where . . . 'the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence' the judge 'will normally go further and explain why he has rejected those arguments.'" *Id.* at 518-19 (quoting *Rita*, 551 U.S. at 357).

A "controlled substance offense" under USSG § 2K2.1(a)(2) "has the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1 cmt. n.1; *United States v. Mills*, 485 F.3d 219, 221 (4th Cir. 2007). Section 4B1.2(b) defines the term as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

"When addressing whether a prior conviction triggers a Guideline sentencing enhancement, we approach the issue categorically, looking only to the fact of conviction

and the statutory definition of the prior offense." *Dozier*, 848 F.3d at 183 (internal quotation marks and citations omitted). "The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a [predicate offense], but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a [predicate offense]." *Id.* (internal quotation marks and citation omitted).

"Accordingly, '[t]he categorical approach focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction.'" *Id.* (citation omitted). "This approach is altered for 'divisible' statutes, statutes that 'list elements in the alternative[] and thereby define multiple crimes.'" *Id.* (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). "In such circumstances, the sentencing court may apply the modified categorical approach and consult 'a limited class of documents'—otherwise known as *Shepard* documents—'to determine what crime, with what elements, a defendant was convicted of.'" *Id.* (citation omitted).

We have reviewed the record and conclude that the district court did not err in finding that Pritchett's Virginia convictions for possession of cocaine with intent to distribute in violation of Va. Code Ann. § 18.2-248 were controlled substance offenses under USSG §§ 2K2.1(a)(2); 4B1.2(b). *See Dozier*, 848 F.3d at 187-88; *Mills*, 485 F.3d at 224; *cf. Hernandez-Nolasco v. Lynch*, 807 F.3d 95, 96, 98 (4th Cir. 2015) (holding that conviction for possession with intent to distribute cocaine under Va. Code § 18.2-248 was aggravated felony under the Immigration and Nationality Act). We further conclude the district court adequately addressed and considered Pritchett's sentencing arguments.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*