**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4929**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GABRIEL Z. KERSHAW,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:16-cr-00258-CMC-1)

Submitted:  September 25, 2019                    Decided:  October 8, 2019

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Derek J. Enderlin, ROSS & ENDERLIN, Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, William C. Lewis, Assistant United States Attorney, Brook B. Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Z. Kershaw appeals his 120-month sentence for distribution of cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). He contends that the district court erroneously sentenced him as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2016), because his prior conviction under S.C. Code Ann. § 44-53-370(a)(1), (b)(2) (2018) does not qualify as a predicate controlled substance offense. We affirm.

In order to be classified as a career offender under § 4B1.1, a defendant must have sustained "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense. USSG § 4B1.2(b).

> When addressing whether a prior conviction triggers a Guideline sentencing enhancement, we approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense. The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a [predicate offense], but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a [predicate offense]. Accordingly, [t]he categorical approach focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction. For a prior conviction to qualify as a Guideline predicate offense, the elements of the prior offense [must] correspond[] in substance to the elements of the enumerated offense.

*United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (internal citations and quotation marks omitted). Where, however, the state statute is divisible, we apply the modified

categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* A statute is not divisible, by contrast, if it "enumerates various factual means of committing a single element." *Id.* Under the modified categorical approach, "a sentencing court looks to a limited class of [*Shepard*[1]-approved] documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*

Section 44-53-370(a)(1) makes it unlawful "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance," and subsection (b)(2) establishes penalties for violations of subsection (a)(1) with respect to marijuana. Kershaw contends that the statute is categorically overbroad because it covers the purchase of controlled substances. The district court concluded that this statute is divisible and, applying the modified categorical approach, that Kershaw's South Carolina sentencing sheet established that his conviction was for manufacturing or distributing marijuana.

We review de novo a district court's determination that a defendant's prior conviction qualifies as a career offender predicate. *United States v. Furlow*, 928 F.3d 311, 317 (4th Cir. 2019). We recently held that an "almost identical South Carolina drug

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

3

statute" was divisible.[2] *Id.* at 320 (citing *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018) (No. 16-4594) (argued but unpublished), *cert. denied*, 139 S. Ct. 1214 (2019)). The only relevant distinction between the statute at issue in *Furlow* and the statute at issue here is that the former "concerns specifically methamphetamine and crack cocaine" while the latter "applies to all controlled substances." *Id.* Under both statutes, South Carolina courts treat the purchase of a controlled substance as a distinct crime, prosecutors charge one of the listed statutory alternatives in state indictments, and juries are typically instructed to find one of the alternative elements beyond a reasonable doubt. *Id.* (citing *Marshall*, 747 F. App'x at 150).

We decline Kershaw's request to revisit our recent decision in *Marshall* and agree with the district court that § 44-53-370(b)(2) is divisible and amenable to the modified categorical approach. Kershaw contends that, even under the modified categorical approach, his marijuana conviction does not qualify as a career offender predicate. Specifically, he asserts that, even though his sentencing sheet describes his conviction as possession with intent to distribute marijuana, that description is not reliable because, due to the coding system used by the state courts, that description is merely a restatement of the overbroad statutory subsection. We have thoroughly reviewed the record and conclude that the district court did not err by relying on Kershaw's sentencing sheet in qualifying his marijuana conviction as a predicate controlled substance offense. We therefore affirm the district court's judgment.

---

[2] *See* S.C. Code Ann. § 44-53-375 (2018).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*