**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4550

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAYQUAN ANTOINE GOODWIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:19-cr-00016-AWA-RJK-1)

Submitted:  May 25, 2021                                          Decided:  May 27, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Laura P. Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Peter G. Osyf, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dayquan Antoine Goodwin appeals his conviction and 24-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Goodwin argues that the district court erroneously applied the sentencing enhancement under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2 (2020), because his prior conviction for violation of Va. Code Ann. § 18.2-248 (2013) does not qualify as a predicate controlled substance offense, thereby rendering his sentence procedurally unreasonable. We affirm.

We review de novo a district court's determination that a defendant's prior conviction constitutes a controlled substance offense for purposes of a sentencing enhancement. *United States v. Ward*, 972 F.3d 364, 368 (4th Cir. 2020). Section 2K2.1(a)(4)(A)'s sentencing enhancement applies a base offense level of 20 for a defendant who is convicted as a felon in possession of a firearm or ammunition if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense." A "controlled substance offense" under § 2K2.1(a)(4)(A) "has the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1 cmt. n.1; *United States v. Mills*, 485 F.3d 219, 221 (4th Cir. 2007) (internal quotation marks omitted). Section 4B1.2(b) defines "controlled substance offense" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (*or a counterfeit substance*) or the possession of a controlled substance (*or a counterfeit substance*) with intent to manufacture, import, export, distribute, or dispense.

2

USSG § 4B1.2(b) (emphasis added).

"When addressing whether a prior conviction triggers a Guideline sentencing enhancement, we approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (internal quotation marks omitted). "This approach is categorical in that we ask whether the offense of conviction—no matter the defendant's specific conduct—necessarily falls within the Guidelines' description of a 'controlled substance offense.'" *Ward*, 972 F.3d at 368. "This approach is altered for 'divisible' statutes, statutes that 'list elements in the alternative[ ] and thereby define multiple crimes.'" *Dozier*, 848 F.3d at 183 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). "In such circumstances, the sentencing court may apply the modified categorical approach and consult 'a limited class of documents'—otherwise known as *Shepard* documents—'to determine what crime, with what elements, a defendant was convicted of.'" *Id*. (citation omitted).

Virginia law makes it unlawful "for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va. Code Ann. § 18.2-248A. The statute clarifies that a person may be convicted of a misdemeanor offense under Va. Code Ann. § 18.2-248F or a felony offense under Va. Code Ann. § 18.2-248G, depending on Virginia's classification of the type of drug being imitated. Va. Code Ann. § 18.2-248F, G. The statute is divisible because "the identity of the prohibited substance is an element of Virginia Code § 18.2-248." *Cucalon v. Barr*, 958 F.3d 245, 252 (4th Cir. 2020). Applying the modified

3

categorical approach, the 2013 indictment shows Goodwin was convicted of a Class 6 felony, an offense under Virginia law punishable by a term of imprisonment exceeding one year and involving the possession with intent to distribute an imitation controlled substance.[*]

Goodwin argues that the Virginia definition of an "imitation controlled substance" was broader than the federal definition of "counterfeit substance" under the Controlled Substances Act. *Compare* Va. Code Ann. § 18.2-247B (2013) *with* 21 U.S.C. § 802(7). More specifically, he argues that, under the categorical approach, Virginia's definition of an "imitation controlled substance" includes substances that appear similar to controlled substances subject to abuse, and therefore his offense does not categorically qualify as a "controlled substance offense" under USSG §§ 2K2.1(a)(4)(A), 4B1.2. He suggests that we overrule *United States v. Mills*, 485 F.3d 219 (4th Cir. 2007), where we applied the plain-meaning approach in determining that a conviction under Maryland's "look-a-like" statute qualified as a "counterfeit substance" offense. Relying on *United States v. Ward*, 972 F.3d 364 (4th Cir. 2020), the district court found that Goodwin's prior imitation controlled substance conviction under Va. Code Ann. § 18.2-248 was a "controlled substance offense" under state law, and therefore qualified as a predicate offense under USSG § 2K2.1(a)(4)(A)'s sentencing enhancement.

---

[*] A Class 6 felony is punishable by "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months . . . ." Va. Code Ann. § 18.2-10(f) (2013). Goodwin's order of conviction reflects a five-year term of incarceration suspended, which corresponds to the Class 6 felony under § 18.2-248G.

In *Ward*, we held that the plain meaning of USSG § 4B1.2(b) states that a predicate offense "arises under either federal or state law," and it is unnecessary to consider whether the state law definition of a "controlled substance" is analogous to its federal counterpart. 972 F.3d at 371-72. *Ward* reaffirmed the reasoning in *Mills* that, when considering whether a state drug offense categorically qualifies under USSG § 4B1.2, "the ordinary meaning of 'counterfeit substance' control[s]: a 'substance made in imitation of a controlled substance is a counterfeit substance.'" *Id.* at 372 (quoting *Mills*, 485 F.3d at 222 (internal quotation marks omitted)).

Applying *Ward* and *Mills*, we conclude that the district court did not err in finding that Goodwin's Virginia conviction for possession of an imitation controlled substance with intent to distribute, in violation of Va. Code Ann. § 18.2-248A, G, was a controlled substance offense as defined by USSG §§ 2K2.1(a)(4)(A), 4B1.2. And while Goodwin invites us to overrule *Mills*, "it is well-settled that a panel of this court is bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision." *United States v. Seigler*, 990 F.3d 331, 336 n. 6 (4th Cir. 2021) (internal quotation marks omitted). Therefore, the district court did not err in applying the sentencing enhancement, and we conclude that Goodwin's sentence is procedurally reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5