**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6374**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERBERT PRIDGEN, a/k/a Bok,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:14-cr-00059-RAJ-RJK-2; 4:19-cv-00097-RAJ-RJK)

Submitted: January 6, 2022                                    Decided: February 1, 2022

Before KING and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Herbert Pridgen, Appellant Pro Se.  Richard Daniel Cooke, Assistant United States Attorney, Richmond, Virginia, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Pridgen appeals the district court's orders denying relief on his 28 U.S.C. § 2255 motion and his motion for reconsideration. We previously granted a certificate of appealability and ordered additional briefing as to a single issue: whether Pridgen's conviction under 18 U.S.C. § 924(c), (j), remains valid in light of the rule announced in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). We now affirm.

We review a district court's decision de novo, *United States v. Herrera-Pagoada*, 14 F.4th 311, 318 (4th Cir. 2021), and may affirm on any ground appearing in the record, even one not relied upon by the district judge, *United States v. Dozier*, 848 F.3d 180, 188 (4th Cir. 2017). Section 2255 offers "an extraordinary remedy" that should not take the place of an appeal. *Herrera-Pagoada*, 14 F.4th at 318. Issues that could have been raised on direct appeal but were not may not be raised in a collateral proceeding under § 2255, *see Stone v. Powell,* 428 U.S. 465, 477 n.10 (1976), unless the movant can show cause for the default and resulting prejudice, *United States v. Frady,* 456 U.S. 152, 167-68 (1982), or a miscarriage of justice, *United States v. Addonizio,* 442 U.S. 178, 185 (1979); *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir. 1999). In order to establish prejudice, Pridgen must show that the trial court's jury instruction concerning the underlying crimes of violence "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. To establish a miscarriage of justice, a defendant must show actual innocence by clear and convincing evidence. *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *Mikalajunas,* 186 F.3d at 493.

Pridgen was indicted on use of a firearm in relation to a crime of violence resulting in death and aiding and abetting such conduct where the killing constituted the murder of Lafayette Bailey as defined in 18 U.S.C. § 1111(a), in violation of 18 U.S.C. §§ 924(c)(1), (j), 2, along with other charges. The three underlying crimes of violence for this charge were: (1) racketeering conspiracy as set forth in Count 1 of the indictment, (2) robbery as set forth in Count 4, and (3) murder in aid of racketeering as set forth in Count 6. The jury convicted Pridgen of the firearm offense and all three underlying crimes of violence. We note that the jury was instructed that all three predicate offenses qualified as crimes of violence, but was not instructed to specify the underlying crime of violence. Pridgen correctly asserts that the racketeering conspiracy offense is no longer a crime of violence. *United States v. Simmons*, 11 F.4th 239, 247, 257-61 (4th Cir.), *cert. denied*, 142 S. Ct. 574 (2021). Nevertheless, we are not compelled to vacate the firearm offense.

It is uncontested that the robbery offense described in Count 4 of the indictment is categorically a crime of violence. *United States v. Ali*, 991 F.3d 561, 573-74 (4th Cir.), *cert. denied,* 142 S. Ct. 486 (2021). The jury also found that one of the predicate racketeering acts was the premeditated murder and/or murder in the commission of the robbery of Lafayette Bailey, which was the basis for Count 4 and the firearm offense. Given these findings and trial testimony concerning the robbery and Bailey's murder, there is no reason to believe that the jury would not have convicted Pridgen of the § 924(c), (j) offense if it was instructed that the robbery described in Count 4 was the sole underlying crime of violence. Pridgen cannot show actual prejudice because the jury was permitted to consider whether the racketeering conspiracy was the underlying crime of violence.

3

Furthermore, because the firearm conviction is supported by the robbery described in Count 4, Pridgen cannot establish his actual innocence.

While the district court denied Pridgen's § 2255 motion, it did not identify a qualifying underlying crime of violence. Because we may affirm on any reason appearing in the record, we affirm the district court's orders on the basis that Pridgen did not establish prejudice due to the improper jury instruction or a miscarriage of justice. We deny Pridgen's motions to file an amended supplemental brief and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*