**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4444**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BRIAN LEE BREWINGTON, a/k/a Bloody Maniack,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-cr-00208-M-1)

_____

Submitted:  May 31, 2023                            Decided: June 6, 2023

_____

Before NIEMEYER and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Lee Brewington appeals the 128-month sentence imposed following his guilty plea to distributing a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Brewington argues that the district court erroneously applied the career offender enhancement under U.S. Sentencing Guidelines Manual § 4B1.2 (2018), because the offense of conviction does not qualify as a controlled substance offense, and because his 2018 North Carolina conviction for possession with intent to sell or deliver marijuana should have been classified as relevant conduct rather than counted as a prior conviction.

> A defendant qualifies as a career offender if
>
> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense." USSG § 4B1.2(b).

We review de novo whether a defendant's conviction qualifies as a controlled substance offense. *United States v. Campbell*, 22 F.4th 438, 441 (4th Cir. 2022). When determining whether a conviction triggers a career offender enhancement, we generally employ the categorial approach, "focus[ing] on the *elements* of the . . . offense rather than the *conduct* underlying the conviction." *United States v. Dozier*, 848 F.3d 180, 183 (4th

2

Cir. 2017) (internal quotation marks omitted). A conviction qualifies as a controlled substance offense "only if all of the ways of violating the statute, including the least culpable, satisfy the Guidelines' definition" of a controlled substance offense. *United States v. Walker*, 858 F.3d 196, 199 (4th Cir. 2017).

In *United States v. Groves*, 65 F.4th 166 (4th Cir. 2023), we held that a conviction for distribution of a controlled substance under 21 U.S.C. § 841(a)(1) categorically qualifies as a "controlled substance offense" under USSG § 4B1.2. Applying *Groves*, we conclude that Brewington's offense of conviction categorically qualifies as a "controlled substance offense" under USSG § 4B1.2.

Next, Brewington argues that the district court erred in applying the career offender enhancement because his 2018 North Carolina conviction for possession with intent to sell or deliver marijuana was relevant conduct to the instant distribution offense under USSG § 1B1.3(a)(2), and therefore should not have been counted as a prior conviction. Brewington acknowledges that this court's decision in *United States v. Moses*, 23 F.4th 347 (4th Cir. 2022), forecloses his claim. However, Brewington asserts that *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), is directly in conflict with *Moses* and that *Campbell*, as the first-in-time opinion, controls. *Campbell* considered whether an inchoate crime qualified as a career offender predicate—a different factual scenario than is presented here. On the other hand, because *Moses* addressed the identical issue as is presented here: whether a controlled substance conviction returned several years earlier is relevant conduct in relation to a controlled substance offense of conviction or whether it is properly counted as a prior conviction for purposes of the career offender enhancement.

3

Accordingly, *Moses* controls.  Therefore, the court did not err in sentencing Brewington as a career offender.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*