**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4687**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHADNEY DEVERICH STANBACK,

                Defendant - Appellant.

**No. 17-4688**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHADNEY STANBACK,

                Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:14-cr-00269-NCT-1; 1:16-cr-00423-NCT-1)

Submitted: May 31, 2018                        Decided: June 15, 2018

Before KEENAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

George E. Crump, III, Rockingham, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chadney Deverich Stanback pled guilty to one count of distribution of heroin. He was sentenced to a term of 210 months in prison. The district court also revoked his supervised release and imposed an 18-month consecutive sentence. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Stanback's guilty plea was voluntary, whether the district court erred in denying his motion to withdraw his guilty plea, whether the district court erred in finding him to be a career offender, whether his 210-month sentence is reasonable, and whether his revocation sentence is plainly unreasonable. Stanback has filed a file a pro se supplemental brief challenging his career offender designation. The government has declined to file a brief.

We review the denial of a plea-withdrawal motion for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Where the district court fully complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We have developed a nonexclusive list of factors for district courts to consider when deciding whether a defendant has met this burden:

3

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first factor is perhaps the most important, as "the fairness of the Rule 11 proceeding is the key factor in the review of the denial of a motion to withdraw a guilty plea." *United States v. Wilson*, 81 F.3d 1300, 1306 (4th Cir. 1996).

With respect to the first *Moore* factor, we conclude based on our review of the record that the district court did not err in finding that Stanback entered a knowing and voluntary plea.[1] Further, upon consideration, we find that the remaining *Moore* factors likewise weighed against allowing Stanback to withdraw his plea. Accordingly, we find that the district court's denial of his motion was not an abuse of discretion.

Next, counsel and Stanback, in his pro se supplemental brief, challenge the district court's finding that Stanback qualified as a career offender. This issue presents a question of law that we review de novo. *United States v. Jenkins*, 631 F.3d 680, 682 (4th

---

[1] Counsel notes Stanback's claim that his guilty plea was involuntary and unknowing due to ineffective assistance of counsel. However, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). To the extent this claim has been raised, we find that it is not cognizable on direct appeal.

Cir. 2011). Counsel and Stanback assert that Stanback's 2007 conviction in West Virginia for felony conspiracy to possess a controlled substance with intent to deliver does not qualify as a career offender predicate because felony conspiracy under that statute is a "standalone" crime and is not a controlled substance offense. Upon review, we conclude that this claim is without merit.[2] *See United States v. Dozier*, 848 F.3d 180, 182-88 (4th Cir. 2017) (finding that West Virginia statute prohibiting the manufacture, delivery, or possession with intent to deliver a controlled substance qualifies as controlled substance offense under career offender Guidelines where punishable by more than a year, and concluding that attempt to violate same is a career offender predicate).

Next, counsel challenges Stanback's 210-month within Guidelines sentence. Upon review, we find the sentence to be procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 41, 49-51 (2007). The record reflects that the court listened at length to the parties' arguments, asked numerous questions, cited to the 18 U.S.C. § 3553(a) (2012) factors and engaged in a lengthy colloquy with Stanback. Finally, we find that Stanback's 18-month revocation sentence, at the low end of the policy statement range, is not plainly unreasonable. *See United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017).

We accordingly affirm the district court's judgments. This court requires that counsel inform Stanback, in writing, of the right to petition the Supreme Court of the

---

[2] Likewise, we find that Stanback's remaining challenges to his career offender status, under *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) and *United States v. Booker*, 543 U.S. 220 (2005), are unavailing.

United States for further review.  If Stanback requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stanback.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*