**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4215**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VALDIMERE RASHEEN RIVERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:18-cr-00599-RMG-1)

Submitted:  January 21, 2020                      Decided:  January 23, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Christopher Braden Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valdimere Rasheen Rivers pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2018), and the district court sentenced him to 137 months' imprisonment and 2 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Rivers' guilty plea and whether the district court erred when it designated Rivers a career offender. Although advised of his right to file a supplemental pro se brief, Rivers has not done so. The Government declined to file a response brief.[1] We affirm.

Counsel first questions the validity of Rivers' guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights the defendant is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Rivers did not move to withdraw his guilty plea or otherwise

---

[1] Rivers' plea agreement contained an appeal waiver. However, because the Government has not moved to enforce the waiver, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *Williams*, 811 F.3d at 622. Our review of the transcript reveals that the district court complied with the requirements of Rule 11, a factual basis supported the plea, and Rivers' plea was knowingly and voluntarily entered. Accordingly, Rivers' guilty plea is valid.

Next, counsel questions whether the district court erred when it classified Rivers as a career offender. To be classified as a career offender under the Sentencing Guidelines a defendant must, among other factors, have sustained "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2018). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

When determining whether a prior conviction triggers a career offender enhancement, we employ the categorical approach, "focus[ing] on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (internal quotation marks omitted). Where a state statute is divisible, however, we apply the modified categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id*. By contrast, a statute is not divisible if it merely "enumerates various factual means of committing a single element." *Id*. Under the

3

modified categorical approach, courts review "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*

Here, Rivers suggests that his prior convictions for violations of S.C. Code Ann. § 44-53-370 (2018) do not qualify as predicate controlled substance offenses. Section 44-53-370(a)(1) makes it unlawful for any person "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance." Rivers suggests that, because § 44-53-370 punishes the mere purchase of controlled substances, it does not qualify as a controlled substance offense under USSG § 4B1.2(b). The district court rejected this argument, applying the modified categorical approach and finding that the state court documents established that Rivers was convicted of possession with intent to distribute controlled substances, a qualifying predicate offense.

We review de novo a district court's determination that a defendant's prior conviction qualifies as a career offender predicate. *United States v. Furlow*, 928 F.3d 311, 317 (4th Cir. 2019), *pet. for cert. filed*, __ U.S.L.W. __ (U.S. Dec. 19, 2019) (No. 19-7007). In *Furlow*, we held that a similar South Carolina statute, S.C. Code Ann. § 44-53-375(B) (2018) is divisible and subject to the modified categorical approach. *Id*. at 319-22 (citing with approval *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1214 (2019), in which we held that S.C. Code Ann. § 44-53-370(a)(1) is divisible). As *Furlow* and *Marshall* recognized, under both statutes, South Carolina

4

courts treat the purchase of a controlled substance as a distinct crime, prosecutors charge one of the listed statutory alternatives in state indictments, and juries are typically instructed to find one of the alternative elements beyond a reasonable doubt. *Furlow*, 928 F.3d at 320; *Marshall*, 747 F. App'x at 150.

We agree with the district court that the South Carolina statute at issue here is divisible and subject to the modified categorical approach. We have reviewed the *Shepard*[2] documents and conclude that the district court did not err in applying the career offender enhancement. In any event, Rivers' sentence does not reflect his career offender status; the district court varied downward significantly to a 137-month sentence from an advisory Sentencing Guidelines range of 262 to 327 months' imprisonment.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Rivers, in writing, of the right to petition the Supreme Court of the United States for further review. If Rivers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rivers.

---

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*